UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 01-282

RICHARD PORTER                               SECTION "R"


<u>**ORDER AND REASONS**</u>

Before the Court is petitioner Richard Porter's motion to
vacate, set aside, or correct sentence pursuant to 28 U.S.C. §
2255.  For the following reasons, the Court DENIES the motion.


**I. BACKGROUND**

On October 12, 2001, a federal grand jury indicted Richard
Porter and others for various federal crimes, including
conspiracy to distribute heroin, conspiracy to distribute heroin
using juveniles, and conspiracy to carry firearms.  The grand
jury also charged Porter with using a firearm to further a drug
trafficking conspiracy and, in doing so, murdering Leonard
Morgan.  Additionally, the grand jury charged Porter with

distributing crack cocaine, and using a firearm to shoot Shantell
Blouin in connection with the heroin conspiracy and the crack
distribution.

On September 5, 2002, the grand jury returned a second
superseding indictment for violations of the Federal Gun Control
Act and the Federal Controlled Substances Act, charging Richard
Porter and others with conspiracy to distribute heroin in
violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in
violation of 21 U.S.C. § 846 (Count One); conspiracy to
distribute heroin using juveniles in violation of 21 U.S.C. §§
841(a)(1) and 861(a)(1) (Count Two); and conspiracy to carry
firearms in furtherance of the conspiracy in violation of 18
U.S.C. § 924(o) (Count Three). Porter and his co-defendant,
Johnny Davis, were charged with using a firearm in connection
with the heroin conspiracy in Count 1 to murder Leonard Morgan in
violation of 18 U.S.C. §§ 924(c) and 924(j) (Count Ten).  Porter
was also charged with distributing crack cocaine in violation of
21  U.S.C. §§ 841(a)(1) and 841(b)(1)(c) (Count Twelve).  Porter
was charged with using a firearm to shoot Shantell Blouin in
connection with the heroin conspiracy, and crack distribution in
violation of 18 U.S.C. § 924(c)(1)(A) (Count Thirteen).  Lastly,
Porter was charged with being a felon in possession of a firearm
in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts

2

Fourteen and Fifteen).  Porter and others went to trial on the charges set forth in the second superseding indictment.

On May 14, 2003, a jury found Porter guilty on every count with which he was charged – Counts 1, 2, 3, 10, 12, 13, 14, and 15.  On October 29, 2003, the Court sentenced Porter to a term of life imprisonment as to Counts One and Ten; to a term of 720 months imprisonment as to Count Two; to a term of 240 months as to Count Three; to a term of 360 months imprisonment as to Count Twelve; and to a term of 120 months imprisonment as to Counts Fourteen and Fifteen, all terms to run concurrently.  Porter then filed a timely notice of appeal.  On March 7, 2005, the Fifth Circuit Court of Appeals affirmed petitioner's convictions. *See United States v. Davis*, 124 Fed. Appx. 838 (5th Cir. 2005).  The Supreme Court denied Porter's petition for writ of certiorari on October 3, 2005. *See Davis v. United States*, 546 U.S. 857 (2005).

Petitioner now moves the Court to vacate, set aside, or correct his sentence under section 2255.  Specifically, Porter asserts the following claims: (1) appellate counsel failed to object to a violation of Porter's Sixth Amendment right by the "governments charging the same state offense of conspiring to distribute heroin"; (2) appellate counsel failed to raise claims of a violation of Porter's Sixth Amendment right "where the government unfairly prejudiced [Porter] by allowing the jury to

3

find [Porter] guilty based upon a pre-identified transcript"; (3) appellate counsel failed to raise claims of the government's violation of Porter's Sixth Amendment right to counsel where "the government violat[ed] *Massiah* and *Henry*"; (4) the district court lacked jurisdiction to impose a penalty pursuant to 18 U.S.C. § 1111(b) for a violation of 18 U.S.C. § 924(j) because the government failed to prove that the murder of Leonard Morgan was committed within the Special Maritime and Territorial Jurisdiction of the United States; (5) his rights were affected by a variance that arose at trial where there was proof of multiple conspiracies; (6) trial counsel failed to object to the government's introduction of irrelevant evidence regarding the shooting of Shantell Blouin; and (7) the district court's enhancement of Porter's sentence for simple possession violated Porter's constitutional rights. (Pet'r Mot., R. Doc. 971). The Court rules as follows.

## II. DISCUSSION

### A.  Timeliness

Section 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction

4

becomes final;
(2) the date on which the impediment to making a motion
created by governmental action in violation of the
Constitution or laws of the United States is removed,
if the movant was prevented from making a motion by
such governmental action;
(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or
(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2255. This Court received petitioner's motion for

habeas relief on October 10, 2006, which was one week beyond the

one year after petitioner's conviction became final by virtue of

the Supreme Court's denial of Porter's petition for writ of

certiorari. However, as a pro se prisoner, Porter is entitled to

the benefit of the holding in *Houston v. Lack*, 487 U.S. 266

(1988). In *Houston*, the Supreme Court held that a pro se

prisoner's notice of appeal was considered filed at the moment he

delivered it to prison authorities to forward to the district

court. *Id.* at 276. The Court does not have a record of when

petitioner delivered his motion to prison officials, but his

motion was only seven days late, therefore the Court will

consider it timely. *See United States v. Young*, 966 F.2d 164, 165

(5th Cir. 1992) (holding motions for requests for relief under 28

U.S.C. § 2255 are to be "liberally construed").

**B.   Procedural Bars**

Although the Court addresses the merits of each of petitioner's claims below, it notes as a preliminary matter that petitioner is barred from re-litigating two of his claims because they involve issues already resolved on direct appeal.  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).  Claims that have been raised and considered on direct appeal may be dismissed without reconsideration of the merits when rehashed again in a collateral attack unless immediate disposal of the issue would be a disservice to the ends of justice. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

Additionally, the rest of petitioner's claims are procedurally barred because they involve claims petitioner failed to raise on direct appeal.  Aside from ineffective assistance of

6

counsel, a petitioner may not raise an issue for the first time on collateral review without showing both "cause" for his default and "prejudice attributed thereto," or without demonstrating that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

Petitioner attempts to avoid procedural default by raising ineffective assistance of counsel as the cause for his failure to raise the issues on direct appeal.  To establish a claim of constitutionally ineffective assistance of counsel, petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984).  Petitioner must meet both the 'cause' and 'prejudice' prongs of the *Strickland* test and, if the Court finds that petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id.* at 697.  The Fifth Circuit has held that trial counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d

7

1115, 1122 (5th Cir. 1997).  A district court should not "find inadequate representation merely because, with the benefit of hindsight," the court disagrees with trial counsel's strategic choices.  *Id.*  The Fifth Circuit has made it clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeated the entire trial with obvious unfairness." *Id.* (citing *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)); *see also Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). The Fifth Circuit applies the same standard for ineffective assistance of counsel to trial and appellate counsel. *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993).

Porter fails, however, to present any specific facts that would support his general descriptions of counsel's alleged ineffective assistance.  These conclusory allegations, with no factual support, are insufficient grounds on which the Court can find either cause or prejudice.  Thus, the Court cannot find that petitioner has carried his burden to show either prong of the *Strickland* test.  Accordingly, petitioner's ineffective assistance of counsel claims are denied in their entirety. Nevertheless, because of the number of issues raised by Porter, each will be addressed individually below for purposes of

8

clarity.

**C.   Federal Prosecution for Conspiracy to Distribute Heroin**

Porter contends that the government violated his Fifth and Sixth Amendment rights by charging him with conspiracy to possess with intent to distribute heroin, which charge he contends is identical to a prior Louisiana state charge against him.[1]  It is well established that double jeopardy does not prohibit a federal prosecution after state prosecutors charge an individual under state law.  Under the dual sovereignty doctrine, "an act of a defendant may be made a crime under both federal and state laws and the defendant may be punished by each sovereign for the same act without offending the Double Jeopardy Clause." *United States v. Patterson*, 809 F.2d 244, 247 (5th Cir. 1987).  Furthermore, the Court does not find that petitioner has alleged that his prosecution was a "sham prosecution" justifying a rare exception to the doctrine of dual sovereignty. *See United States v. Angleton*, 314 F.3d 767, 772-74 (5th Cir. 2002).  Accordingly,

---

[1] Petitioner also contends that state authorities violated his Fourth and Fifth Amendment rights because they overstepped his constitutional rights when investigating drug charges to bring against him.  As the Government notes, if this is in reference to the state wiretap evidence introduced at Porter's trial, this Court already denied the motion to suppress the state wiretap evidence, and that ruling was affirmed by the Fifth Circuit and is not subject to challenge on collateral review. *See Kalish*, 780 F.2d at 508.

9

competent counsel would not have raised this issue and the Court finds it meritless.  Because Porter did not raise this issue on direct appeal and has not established cause for this default, this claim is procedurally barred.

**D.   Use of Pre-Identified Transcripts**

Porter contends that he was deprived of his Sixth Amendment right to a trial by jury because the government used "unauthenticated and unadmitted transcripts of intercepted phone calls during trial." (Pet'r Mot. at 10).  Porter claims that the Court did not properly caution the jury regarding transcripts the government introduced during trial. *(Id.* at 8-10).  Porter has failed to establish a meritorious issue for appeal and cannot satisfy either the cause or prejudice prong of *Strickland*.

The Fifth Circuit has held that it is not error for the Court to admit transcripts if the Court properly instructs the jury as to their use. *See Fountain v. United States*, 384 F.2d 624, 632 (5th Cir. 1967).  At the close of evidence, the district court instructed the jury regarding the transcripts of oral conversations, stating "whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers it is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own

examination of the transcripts in relation to your hearing of the tape recordings themselves as the primary evidence of their own contents." (R. Doc. 567 at 13-14).  These instructions comply with *Fountain*.  As the jury was properly instructed concerning use of the transcripts, Porter's argument is without merit and counsel was not ineffective for not raising the argument. Petitioner is therefore procedurally barred from raising this issue for the first time on collateral review.

### E.    "Jailhouse" Confession

Porter contends that the government obtained the jailhouse confession he gave to Witness W, another inmate, in violation of his Sixth Amendment right to counsel.  To establish cause and prejudice to avoid procedural default, Porter contends that had his appellate counsel raised this issue on direct appeal, the Fifth Circuit might have reversed his conviction because his Sixth Amendment right to counsel had already attached at the time of the confession.

A defendant's Sixth Amendment right to counsel does not attach until formal judicial proceedings, such as a formal charge, preliminary hearing, indictment, information, or arraignment, have been initiated against him. *See United States v. Gouveia,* 467 U.S. 180, 187-88 (1984).  The Sixth Amendment right to counsel is offense-specific and does not prevent law

11

enforcement from questioning a defendant about unrelated or
uncharged criminal activity. *See McNeil v. Wisconsin,* 501 U.S.
171, 175 (1991).

This Court previously rejected Porter's objection to the
government's introduction of his jailhouse confession as
meritless:

> In its Rule 12 and Rule 16 disclosures, the government
> states that Porter made the alleged confession after
> August 11, 2001 and before October 12, 2001. During that
> time period, on August 17, 2001, Porter was indicted on
> the felon-in-possession count. (*See* Cr. 01-229, Rec. Doc.
> No. 1.) No formal charge, preliminary hearing,
> indictment, information, or arraignment was initiated
> against Porter on the Leonard Morgan murder charge until
> October 12, 2001, after he made the alleged confession.
> In fact, Witness W testified about Porter's confession at
> the grand jury hearing which preceded the October 12,
> 2001 indictment. Therefore, Porter's Sixth Amendment
> right to counsel had not attached on the Morgan murder
> charge (or any charge other than the felon-in-possession
> count, for that matter) while he was in custody before
> October 12, 2001. Any confession he allegedly made to
> Witness W, even if Witness W was a cooperating government
> agent at the time, was not received in violation of
> Porter's right to counsel.

> The Supreme Court recently created a narrow exception to
> the rule that the Sixth Amendment is offense specific by
> holding that the Sixth Amendment right to counsel also
> attaches to uncharged offenses that would be considered
> the "same offense" under *Blockburger v. United States,*
> 284 U.S. 299, 76 L.Ed. 306, 52 S.Ct. 180 (1932). *See*
> *Texas v. Cobb,* 532 U.S. 162, 173, 149 L.Ed.2d 321, 121
> S.Ct. 1335 (2001). To resolve whether the charged offense
> and the uncharged offense are the same under the
> *Blockburger* test, the Court must determine whether "each
> provision requires proof of a fact which the other does
> not." *Cobb,* 532 U.S. at 173 (quoting *Blockburger,* 284

> U.S. at 304). In this case, the uncharged offense-murder of Leonard Morgan during and in relation to a drug trafficking crime-requires proof of facts which the charged offense-felon in possession-does not. Thus, the charges are not the same, and the Sixth Amendment right to counsel does not attach under the *Blockburger* test.

*U.S. v. Davis*, 2003 WL 1904039, at *16 (E.D. La. 2003). Because Porter's right to counsel had not attached to the murder charge or any charge other than being a felon-in-possession, Porter's claim is meritless. Because appellate counsel cannot be faulted for omitting a meritless claim, this claim is also procedurally defaulted because petitioner has failed to show cause for not raising the issue on direct appeal.

### F.   Jurisdiction

Porter contends the Court lacked jurisdiction to impose a penalty pursuant to 18 U.S.C. § 1111(b) for his violation of 18 U.S.C. § 924(j), because the government did not prove that Morgan's murder was committed within the special maritime and territorial jurisdiction of the United States. Porter contends that he need not overcome any procedural default because his claim is jurisdictional. There is no separate habeas procedure, however, for jurisdictional claims. "A defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the

13

error.'"  *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.
1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th
Cir. 1991)).  The claim is therefore procedurally defaulted.

Moreover, Porter's claim is patently without merit.  Porter
argues that § 924(j) depends entirely on the penalty provisions
of § 1111(b) wherein § 1111(b) is limited to murders committed
within the special and maritime territorial jurisdiction of the
United States.  The Court finds Porter's interpretation of §
924(j) incorrect.  Section 924(j) provides in relevant part:

> A person who, in the course of a violation of subsection
> (c), causes the death of a person through the use of a
> firearm, shall (1) if the killing is a murder (as defined
> in section 1111), be punished by death or by imprisonment
> for any term of years or for life ...

18 U.S.C. § 924(j).  Section 924(j) "incorporates only the
definition of murder contained in section 1111" and does not
incorporate its jurisdictional element. *See United States v.
Ostrander*, 411 F.3d 684, 687 (6th Cir. 2005) (quoting *United
States v. Young*, 248 F.3d 260, 275 (4th Cir. 2001)).  Section
924(j) incorporates the jurisdictional element of section 924(c),
which provides that "any person who, during and in relation to
any crime of violence or drug trafficking crime ... for which the
person may be prosecuted in a Court of the United States ..." *See*
18 U.S.C. §924(c)(1)(A).  Here, § 924(c) jurisdiction was
established by Porter's indictment and conviction on Count 10 of

14

using a firearm to shoot and kill Leonard Morgan during the
course of a drug trafficking crime, namely the heroin conspiracy,
for which he was convicted in Count 1.  Accordingly, Porter's
jurisdictional argument is without merit in addition to being
procedurally barred.

### G.   Variance

Porter contends that his conviction should be reversed
because a fatal variance existed between the indictment, which
charged a single conspiracy, and the proof at trial, which
demonstrated at least four conspiracies.  Porter claims that he
was prejudiced by the Government's introduction of evidence in
support of conspiracies not related to his actions as charged in
the indictment.

A variance occurs when the charging terms of an indictment
remain unaltered but the evidence at trial proves facts other
than those alleged. *United States v. Freeman,* 434 F.3d 369, 374
(5th Cir. 2005) (citing *United States v. Puig-Infante,* 19 F.3d
929, 935 (5th Cir. 1994)).  A variance is reviewed for harmless
error. *Id.*  To prevail on a variance claim "a defendant must show
(1) a variance between the evidence at trial and the indictment
and (2) that his substantial rights were prejudiced." *United
States v. Payne*, 99 F.3d 1273, 1279 (5th Cir. 1996).

Porter asserts that there was a variance between the

15

conspiracy charges in the indictment and the government's proof
at trial.  "To prove a [drug] conspiracy, the government must
prove (1) the existence of an agreement between two or more
persons to violate the narcotics laws; (2) that each conspirator
knew of the conspiracy and intended to join it; and (3) that each
alleged conspirator participated in the conspiracy." *United
States v. Morris,* 46 F.3d 410, 414-15 (5th Cir. 1995).  The
number of conspiracies the government proved at trial is a fact
question within the jury's province. *United States v. Mitchell,*
484 F.3d 762, 769 (5th Cir. 2007) (citing *United States v.
Morrow,* 177 F.3d 272, 291 (5th Cir. 1999) (per curiam)).  If the
evidence does point toward multiple conspiracies, the defendant's
substantial rights are not affected so long as the Government
establishes the defendant's involvement in at least one of the
proved conspiracies. *Mitchell,* 484 F.3d at 770 (citing *Morrow,*
177 F.3d at 291).

     At trial, the jury found Porter guilty of all the counts
with which he was charged in the indictment, including two drug
distribution operations, three drug-related murders, and one
attempted murder.  The Court's review of the record indicates
that there was sufficient overlapping of the participants in the
various drug crimes such that a reasonable jury could find a
conspiracy to distribute heroin beyond a reasonable doubt and

that Porter was involved in all of the crimes for which he was charged.    Accordingly, Porter has not established a material variance which prejudiced his substantial rights.   Porter's only explanation for failing to raise this claim on direct appeal was counsel's failure to raise the claim.   Because Porter has failed to establish ineffective assistance of counsel, this claim is procedurally barred.

### H.   Unduly Prejudicial Evidence

Porter contends his trial was prejudiced by the government's improper joinder of Counts 12 and 13. (Pet'r Mot. at 31).   Count 13 charged Porter with using a firearm to shoot Shantelle Blouin in connection with the heroin conspiracy charged in Count One and his distribution of crack as charged in Count 12.   Porter contends that the jury was influenced by Blouin's testimony concerning his personal drug habit, which testimony was not relevant to the conspiracy charges.

Porter seeks to avoid procedural default by alleging that he failed to raise this issue on direct appeal because trial counsel failed to object to this evidence at trial.   Appellate counsel did, however, raise the same joinder and severance claims on appeal, and the Fifth Circuit rejected them. *See U.S v. Davis*, 124 Fed. Appx. 838, 844-45 (5th Cir. 2005).   Therefore, these issues cannot be relitigated upon collateral review. *See United*

*States v. Kalish,* 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

**I.   Sentence Enhancement**

Porter contends that his prior conviction for "simple possession" was incorrectly used to conclude that he was a career offender under § 4B1.1 of the United States Sentencing Guidelines.  Citing *Salinas v. United States*, 547 U.S. 188 (1996), Porter states that this Court incorrectly treated his prior conviction for simple possession as a controlled substance offense applicable for career offender sentencing.  Habeas petitioners cannot challenge a district court's technical application of the Sentencing Guidelines on collateral review. *See United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994) (stating that a challenge to the misapplication of the career offender guideline[s] is not cognizable on collateral review). Further, the claim is meritless.  Porter's career criminal status was determined with reference to two convictions for crimes of violence, namely his two robbery convictions.  Because the Court relied on Porter's convictions for crimes of violence, rather than his conviction for simple possession, the Court does not find that his appellate counsel should have raised this issue

18

during sentencing.  Finally, Porter appealed this issue to the Fifth Circuit, which held that this Court did not err by sentencing Porter as a career criminal based on his two robbery convictions.  Therefore, this ruling is not subject to relitigation on collateral review. *See Kalish,* 780 F.2d at 508.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's section 2255 motion to vacate, set aside, or correct the sentence.  Petitioner's application for post-conviction relief is DISMISSED with prejudice.

New Orleans, Louisiana, this <u>7th</u> day of December, 2007.

<u>Sarah Vance</u>
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE