```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES                              CRIMINAL ACTION

VERSUS                                     NO: 01-282

RICHARD PORTER                             SECTION: "R"
```

**ORDER AND REASONS**

Before the Court is petitioner Richard Porter's motion to alter or amend part of this Court's previous judgment denying relief under 28 U.S.C. § 2255. For the following reasons, the Court DENIES the motion.

**I. Background**

The factual background of this case is set forth in this Court's order denying petitioner's § 2255 motion. *See United States v. Porter*, 2007 WL 4348953 at *1 (E.D. La. 2007). In that motion, petitioner argued, *inter alia*, that his conviction was infirm because his legal representation on direct appeal had been constitutionally ineffective. *See Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, petitioner argued that his appellate counsel should have sought to overturn the conviction

on the grounds that a "jailhouse confession" introduced into evidence had been obtained in violation of petitioner's Sixth Amendment right to counsel.  This Court denied petitioner's § 2255 motion in all respects.  *See Porter*, 2007 WL 4348953 at *8.  Pursuant to FED. R. CIV. P. 59(e), petitioner now moves for amendment of the portion of the Court's ruling covering the jailhouse confession.

**II.  Legal Standard**

A district court has considerable discretion to grant or deny a motion under Rule 59(e).  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995).  The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly

discovered evidence.'"  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

### III.  Discussion

This Court has now ruled twice on petitioner's underlying Sixth Amendment claim.  Before the trial, petitioner moved to exclude the jailhouse confession on Sixth Amendment grounds.  This Court denied the motion, concluding that, at the time of the confession, petitioner's right to counsel had not yet attached with respect to the uncharged offense (murder) that was the subject of the confession.  *See United States v. Davis*, 2003 WL 1904039 at *15-*16 (E.D. La. 2003) (citing *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991); *Texas v. Cobb*, 532 U.S. 162 (2001)).  In the subsequent § 2255 proceeding, this Court again reviewed petitioner's Sixth Amendment arguments, found them to be without merit, and concluded that petitioner's legal representation had not been ineffective because "appellate counsel cannot be faulted for omitting a meritless claim."  *Porter*, 2007 WL 4348953 at *8.

Petitioner's present argument is nearly identical to his previous arguments.  Petitioner has not presented any newly discovered evidence.  *See Ross*, 426 F.3d at 763.  Nor does his latest argument that the right to counsel attached upon his

earlier indictment for state drug charges "clearly establish . . . a manifest error of law or fact." *Id*. As this Court noted in the previous proceedings, the Sixth Amendment right to counsel is offense-specific. The right attaches only with respect to: (1) particular offenses for which judicial proceedings have commenced, and (2) other uncharged offenses requiring proof of the same elements as the charged offense. *See Cobb*, 532 U.S. at 173 (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). Any Sixth Amendment protection arising out of the state drug charges would not have extended to the murder to which petitioner confessed because: (1) the murder was uncharged at the time of the confession, and (2) drug offenses and murder require proof of separate and distinct elements. Because the petitioner has not "clearly establish[ed] either a manifest error of law or fact or . . . present[ed] newly discovered evidence," *Ross*, 426 F.3d at 763, his motion under Rule 59(e) must be denied.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES petitioner's motion.

New Orleans, Louisiana, this 18th day of September, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE