UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 01-282

RICHARD PORTER                              SECTION "R"

**ORDER AND REASONS**

Petitioner Richard Porter has filed an application for a certificate of appealability in a proceeding under 28 U.S.C. § 2255.  Pursuant to 28 U.S.C. § 2253 and Fed. R. App. Proc. 22(b), this Court must determine whether the certificate should issue. For the following reasons, the Court orders that a certificate of appealability SHALL NOT BE ISSUED.

**I.   PROCEDURAL BACKGROUND**

On August 17, 2001, a federal grand jury issued an indictment charging Richard Porter with being a felon in possession of a firearm.  At some point between August 11, 2001, and October 12, 2001, Porter, who was then in jail, confessed to another inmate that he had been involved in the murder of Leonard

Morgan.  Thereafter, on October 12, 2001, the grand jury returned a superseding indictment charging Porter and others with various other crimes, including causing the death of Leonard Morgan while using a firearm to further a drug trafficking conspiracy.

On September 5, 2002, the grand jury returned a second superseding indictment, charging Richard Porter and others with conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846 (Count One); conspiracy to distribute heroin using juveniles in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1) (Count Two); and conspiracy to carry firearms in furtherance of the conspiracy in violation of 18 U.S.C. § 924(o) (Count Three).  Porter and his co-defendant, Johnny Davis, were charged with using a firearm in connection with the heroin conspiracy in Count 1 to murder Leonard Morgan in violation of 18 U.S.C. §§ 924(c) and 924(j) (Count Ten).  Porter was also charged with distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) (Count Twelve) and using a firearm to shoot Shantell Blouin in connection with the heroin conspiracy and crack distribution in violation of 18 U.S.C. § 924(c)(1)(A) (Count Thirteen).  Lastly, Porter was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Fourteen and Fifteen).  Before trial, Porter challenged a number

of the charges in the second superseding indictment and moved to suppress certain evidence, including the jailhouse confession. This Court denied his motions. *See United States v. Davis*, 2003 WL 1904039 (E.D. La. 2003).

Porter and others then went to trial. On May 14, 2003, a jury found Porter guilty on every count charged in the second superseding indictment--Counts 1, 2, 3, 10, 12, 13, 14, and 15. On October 29, 2003, the Court sentenced Porter to a term of life imprisonment as to Counts One and Ten; to a term of 720 months imprisonment as to Count Two; to a term of 240 months as to Count Three; to a term of 360 months imprisonment as to Count Twelve; and to a term of 120 months imprisonment as to Counts Fourteen and Fifteen, all terms to run concurrently. Porter then filed a timely notice of appeal. On March 7, 2005, the Court of Appeals for the Fifth Circuit affirmed Porter's convictions. *See United States v. Davis*, 124 Fed. Appx. 838 (5th Cir. 2005). The Supreme Court denied Porter's petition for writ of certiorari on October 3, 2005. *See Davis v. United States*, 546 U.S. 857 (2005).

On October 10, 2006, Porter filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his petition, he claimed that: (1) appellate counsel failed to object to a violation of Porter's Sixth Amendment right by the "governments charging the same state offense of conspiring to

distribute heroin"; (2) appellate counsel failed to raise claims of a violation of Porter's Sixth Amendment right "where the government unfairly prejudiced [Porter] by allowing the jury to find [Porter] guilty based upon a pre-identified transcript"; (3) appellate counsel failed to raise claims of the government's violation of Porter's Sixth Amendment right to counsel where "the government violat[ed] Massiah and Henry"; (4) the district court lacked jurisdiction to impose a penalty pursuant to 18 U.S.C. § 1111(b) for a violation of 18 U.S.C. § 924(j) because the government failed to prove that the murder of Leonard Morgan was committed within the Special Maritime and Territorial Jurisdiction of the United States; (5) his rights were affected by a variance that arose at trial where there was proof of multiple conspiracies; (6) trial counsel failed to object to the government's introduction of irrelevant evidence regarding the shooting of Shantell Blouin; and (7) the district court's enhancement of Porter's sentence for simple possession violated Porter's constitutional rights.  This Court denied the § 2255 motion in all respects.  *See United States v. Porter*, 2007 WL 4348953 at *8 (E.D. La. 2007).

On December 21, 2007, petitioner filed a motion pursuant to FED. R. CIV. P. 59(e) seeking to amend or alter a portion of the judgment denying him post-conviction relief.  He argued that his appellate counsel has been constitutionally ineffective because

4

he did not seek to overturn the conviction on the grounds that the jailhouse confession introduced into evidence had been obtained in violation of Porter's Sixth Amendment right to counsel.  The Court denied the motion on the ground that Porter's right to counsel had not yet attached with respect to the offense that was the subject of the jailhouse confession.[1]  *See United States v. Porter*, 2008 WL 4414301 (E.D. La. 2008).

Porter now seeks to appeal this Court's decision on the jailhouse confession issue.

**II.  DISCUSSION**

The Court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  537 U.S. 322, 336 (2003).

In his motion for a certificate of appealability, Porter

---

[1] That is, causing the death of Leonard Morgan while possessing a firearm during a drug crime.  18 U.S.C. § 924(j).

rehashes a Sixth Amendment claim that this Court has already rejected three times.  The issue is not a close one: at the time of the jailhouse confession, the right to counsel had only attached with respect to the felon-in-possession charge, not any uncharged offense relating to the murder of Leonard Morgan.  *See Porter*, 2007 WL 4348953 at *4-*5.  Having reviewed its December 7, 2007, and September 18, 2008 orders, the Court concludes that the record does not establish that reasonable jurists could debate the Court's resolution of the issues.  Accordingly, the Court finds that a certificate of appealability should not issue.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that a certificate of appealability SHALL NOT BE ISSUED.

New Orleans, Louisiana, this 20th day of October, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE