UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CIVIL ACTION |
|---|---|
| VERSUS | NO. 01-282 |
| RICHARD PORTER | SECTION "R" |

## ORDER AND REASONS

Before the Court is Richard Porter's motion to amend or correct a clerical error in his sentence.[1] The Court denies the motion because Porter's judgment does not contain a clerical error.

## I. BACKGROUND

In 2002, a federal grand jury indicted Richard Porter and others for various federal crimes, including: (1) conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846 (Count One); (2) conspiracy to distribute heroin using juveniles in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1) (Count Two); (3) conspiracy to carry firearms in furtherance of the conspiracy in violation of 18 U.S.C. § 924(o) (Count Three); (4) using a firearm in connection with the

---

[1] R. Doc. 1096.

heroin conspiracy in Count 1 to murder Leonard Morgan in violation of 18 U.S.C. §§ 924(c), 924(j), and 2 (Count Ten); (4) distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) (Count Twelve); (5) using a firearm to shoot Shantell Blouin in connection with the heroin conspiracy; (6) crack distribution in violation of 18 U.S.C. § 924(c)(1)(A) (Count Thirteen); and (7) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Fourteen and Fifteen).[2] Porter and others went to trial on the charges against them.

On May 14, 2003, a jury found Porter guilty on every count with which he was charged.[3] On October 29, 2003, the Court sentenced Porter to a term of life imprisonment as to Counts One and Ten; to a term of 720 months imprisonment as to Count Two; to a term of 240 months as to Count Three; to a term of 360 months imprisonment as to Count Twelve; and to a term of 120 months imprisonment as to Counts Fourteen and Fifteen, all terms to run concurrently.[4] Fifth Circuit Court of Appeals affirmed Porter's convictions,[5] and the Supreme Court denied Porter's petition for writ of certiorari. *See Davis v. United States*, 546 U.S. 857 (2005).

---

[2] R. Doc. 177.
[3] R. Doc. 558.
[4] R. Doc. 888.
[5] R. Doc. 948.

Porter now seeks to have his sentence amended to reflect that his conviction for Count 10 was for *aiding and abetting* the use of a firearm during and in relation to a drug trafficking crime causing the murder of Leonard Morgan, rather than being a conviction as a principal for that offense.[6] The Government opposes the motion.[7]

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 36 provides that a court "court may at any time correct a clerical error in a judgment, order, or other part of the record." Clerical errors are limited to "mindless and mechanistic mistakes." *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014) (quoting *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 505 (5th Cir. 1994)). Rule 36 does not allow a court to make substantive alterations to a sentence, and it "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of 'errors made by the court itself.'" *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (quoting *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993)).

---

[6] R. Doc. 1096 at 5.
[7] R. Doc. 1100.

## III. DISCUSSION

There has been no clerical error in defendant's conviction on Count Ten of the Second Superseding Indictment. The Second Superseding Indictment charges defendant with "knowingly carry[ing] and us[ing] a firearm . . . during and in relation to the commission of a drug trafficking crime" in Count Ten.[8] Count Ten references 18 U.S.C. § 924(c)(1), 924(j) and 2.[9] 18 U.S.C. § 2 allows a defendant to be punished as a principal when he "aids, abets, counsel, commands, induces, or procures" a crime against the United States, and also when he "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States." 18 U.S.C. § 2. Because defendants who aid and abet or willfully cause a crime are liable as principals, there is no need for a jury to make this distinction in its verdict.

Indeed, the Court instructed the jury in this case that, "if another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or

---

[8] R. Doc. 177 at 6.
[9] *Id.*

4

engaged in such conduct."[10] The jury then convicted Porter on Count Ten as charged.[11] Porter's judgment correctly reflects that he was convicted of using or carrying a firearm during and in relation to a drug trafficking crime causing the murder of Leonard Morgan in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j) and 2.[12] Because there is no difference in liability between a conviction for committing this offense personally and a conviction for aiding and abetting in the commission of the offense, there is no reason for the jury or the judgment to specify which applies to Porter.

Further, the remedy that defendant seeks—a substantive alteration to the judgment on Count Ten—is not a clerical error that can be addressed under Rule 36. Rule 36 does not permit substantive alterations of the judgment. *See United States v. Crawley*, 463 F. App'x 418, 421 (5th Cir. 2012) ("While there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment."). Thus, Rule 36 is an inappropriate vehicle for the substantive arguments that defendant makes in his motion.

---

10     R. Doc. 567 at 29.
11     R. doc. 553 at 6.
12     R. Doc. 888 at 1.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to amend or correct a clerical error is DENIED.

New Orleans, Louisiana, this __2nd__ day of May, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE