UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 01-282 |
| RICHARD PORTER | SECTION "R" |

### ORDER AND REASONS

Before the Court are defendant Richard Porter's motions to dismiss his notice of appeal and application to proceed in forma pauperis on appeal,[1] and for compassionate release.[2] The Government opposes the motion for compassionate release.[3] For the following reasons, the Court dismisses Porter's motion to dismiss as moot and denies his motion for compassionate release.

### I.   BACKGROUND

On May 14, 2003, a jury convicted Porter of (1) conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846 (Count One); (2) conspiracy to distribute heroin using

---

[1]   R. Doc. 1120.
[2]   R. Doc. 1123.
[3]   R. Doc. 1128.

juveniles in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1) (Count Two); (3) conspiracy to carry firearms in furtherance of the conspiracy to distribute heroin in violation of 18 U.S.C. § 924(o) (Count Three); (4) using a firearm in connection with the heroin conspiracy in Count One to murder Leonard Morgan in violation of 18 U.S.C. §§ 924(c), 924(j), and 2 (Count Ten); (5) distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) (Count Twelve); (6) using or carrying, and discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Thirteen); and (7) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Fourteen and Fifteen).[4]

On October 29, 2003, the Court sentenced Porter to a term of life imprisonment on Counts One and Ten; to a term of 720 months' imprisonment on Count Two; to a term of 240 months' imprisonment on Count Three; to a term of 360 months' imprisonment on Count Twelve; and to a term of 120 months' imprisonment on Counts Fourteen and Fifteen, all terms to run concurrently.[5] The U.S. Court of Appeals for the Fifth Circuit affirmed Porter's convictions,[6] and the U.S. Supreme Court denied Porter's

---

[4] R. Doc. 888.
[5] *Id.*
[6] R. Doc. 948.

petition for writ of certiorari.  *See Davis v. United States*, 546 U.S. 857 (2005).

In October 2006, Porter filed a motion to vacate his conviction and sentence under 42 U.S.C. § 2255,[7] which the Court denied in December 2007.[8]  In September 2023, Porter filed a motion for leave to amend his Section 2255 motion,[9] which the Court dismissed for lack of jurisdiction as a second or successive motion that was not authorized by the Fifth Circuit.[10] Porter filed a notice of appeal of the order dismissing his motion for leave to amend his Section 22255 petition and a motion to proceed in forma pauperis in that appeal.[11]  The Fifth Circuit dismissed Porter's appeal on his motion in March 2024.[12]  Porter now moves this Court to voluntarily dismiss his notice of appeal and motion to proceed in forma pauperis on appeal.[13]

Porter also moves for compassionate release.[14]  He contends that he meets the standards for "extraordinary and compelling reasons" for a sentencing reduction enumerated by the U.S. Sentencing Commission in its

---

[7]   R. Doc. 971.
[8]   R. Doc. 1009.
[9]   R. Doc. 1105.
[10]  R. Doc. 1115.
[11]  R. Docs. 1116 & 1117.
[12]  R. Doc. 1124.
[13]  R. Doc. 1120.
[14]  R. Doc. 1123.

3

2023 Policy Statement, U.S.S.G. § 1B1.13(b)(6), relating to unusually long sentences.[15] The Government opposes the motion, arguing that (1) Porter has not exhausted his administrative remedies; (2) nonretroactive changes in the law cannot be considered extraordinary and compelling reasons, and even if they could, Porter would still receive a life sentence if he were convicted of the same crimes today; and (3) even if Porter were able to establish extraordinary and compelling circumstances, the sentencing factors in 18 U.S.C. § 3553(a) weigh against a sentence reduction.[16]

The Court considers the motions below.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss

Porter moves to dismiss the notice of appeal and motion to proceed in forma pauperis on appeal that he filed in this Court.[17] Because the Fifth Circuit has already dismissed his appeal,[18] this motion must be dismissed as moot.

---

15 *Id.*
16 R. Doc. 575.
17 R. Doc. 1120.
18 R. Doc. 1124.

## B. Compassionate Release

As a threshold matter, the Court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court finds that Porter has not satisfied the exhaustion requirement for compassionate release. While Porter states that he submitted a request for compassionate release to the warden at his correctional facility on January 10, 2024,[19] and attaches an image of an administrative form with a request for compassionate release addressed to the warden,[20] the form does not reflect that it was received by the warden, as it has no signature from correctional facility staff. Porter also does not attach evidence of any response from correctional facility staff. *See United States v. Dinet*, No. 18-157, 2020 WL 4544482, at *2 (E.D. La. Aug. 6, 2020) (holding that defendant's motion for compassionate relief was not "properly before th[e] Court," because, although defendant claimed that he exhausted his administrative remedies, he failed to present any evidence that

---

[19]   R. Doc. 1123 at 9.
[20]   R. Doc. 23-1.

a request was made to the warden of his facility). The Government attached to its opposition email correspondence with an attorney for the Bureau of Prisons who indicated that USP Atwater, Porter's correctional institution, never received any request for administrative relief from Porter.[21] *See United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) (noting that the Bureau of Prisons must actually receive administrative request for prisoner to exhaust administrative remedies).

Based on Porter's failure to exhaust his claims alone, the Court is required to deny the motion for compassionate release. *United States v. Franco*, 937 F.3d 465, 467 (5th Cir. 2020) (holding is exhaustion is non-jurisdictional, but mandatory). Because exhaustion is a requirement for compassionate release, the Court does not consider whether Porter has shown extraordinary and compelling reasons or whether the sentencing factors favor compassionate release. *See Franco*, 973 F.3d at 468 ("[A]ll requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts.").

---

[21] R. Doc. 1128-1.

## III. CONCLUSION

For the foregoing reasons, the Court DISMISSES the defendant's motion to dismiss as moot. The Court DENIES WITHOUT PREJUDICE defendant's motion for compassionate release.

New Orleans, Louisiana, this __22nd__ day of July, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE