UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                             NO. 01-282

RICHARD PORTER                                 SECTION "R"


**ORDER AND REASONS**


Before the Court is defendant Richard Porter's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] The Government opposes the motion.[2]  For the following reasons, the Court denies Porter's motion.


I.    **BACKGROUND**

On May 14, 2003, a jury convicted Porter of (1) conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846 (Count One); (2) conspiracy to distribute heroin using juveniles in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1) (Count Two); (3) conspiracy to carry firearms in furtherance of the conspiracy to distribute

---

[1]      R. Docs. 1134.
[2]      R. Docs. 1141.

heroin in violation of 18 U.S.C. § 924(o) (Count Three); (4) using a firearm in connection with the heroin conspiracy in Count One to murder Leonard Morgan in violation of 18 U.S.C. §§ 924(c), 924(j), and 2 (Count Ten); (5) distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) (Count Twelve); (6) using or carrying, and discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Thirteen); and (7) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Fourteen and Fifteen).[3]

On October 29, 2003, the Court sentenced Porter to a term of life imprisonment on Counts One and Ten; to a term of 720 months' imprisonment on Count Two; to a term of 240 months' imprisonment on Count Three; to a term of 360 months' imprisonment on Count Twelve; and to a term of 120 months' imprisonment on Counts Fourteen and Fifteen, all terms to run concurrently.[4]  The U.S. Court of Appeals for the Fifth Circuit affirmed Porter's convictions,[5] and the U.S. Supreme Court denied Porter's petition for writ of certiorari.  See *Davis v. United States*, 546 U.S. 857 (2005).

---

[3]    R. Doc. 888.

[4]    *Id.*

[5]    R. Doc. 948.

In October 2006, Porter filed a motion to vacate his conviction and sentence under 42 U.S.C. § 2255,[6] which the Court denied in December 2007.[7]  In September 2023, Porter filed a motion for leave to amend his § 2255 motion,[8] which the Court dismissed for lack of jurisdiction as a second or successive motion that was not authorized by the Fifth Circuit.[9]  Porter filed a notice of appeal of the order dismissing his motion for leave to amend his § 2255 petition and a motion to proceed in forma pauperis in that appeal.[10]  The Fifth Circuit dismissed Porter's appeal on his motion in March 2024.[11]  In June 2024, Porter moved this Court to voluntarily dismiss his notice of appeal and motion to proceed in forma pauperis on appeal and moved separately for compassionate release.[12]  This Court dismissed the motion to dismiss as moot and denied his motion for compassionate release for failure to exhaust administrative remedies.[13]

Porter now moves again for compassionate release.[14]  He contends that his case presents "extraordinary and compelling reasons" for a sentencing

---

[6]     R. Doc. 971.
[7]     R. Doc. 1009.
[8]     R. Doc. 1105.
[9]     R. Doc. 1115.
[10]    R. Docs. 1116 & 1117.
[11]    R. Doc. 1124.
[12]    R. Docs. 1120 & 1123.
[13]    R. Doc. 1130, at 1-3.
[14]    R. Doc. 1134.

reduction because there is a gross disparity between the sentence he is currently serving and the sentence that would likely be imposed if sentenced today.  The Government opposes the motion, arguing that Porter does not present extraordinary and compelling reasons, and that even if Porter is able to establish extraordinary and compelling circumstances, the sentencing factors in 18 U.S.C. § 3553(a) weigh against a sentence reduction.[15]   The Government also argues that Porter would receive a life sentence even if sentenced today.[16]

## II.    LEGAL STANDARD

As a threshold matter, the Court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

After exhausting available administrative remedies, a court may grant compassionate release upon a prisoner's motion if it finds that "extraordinary and compelling reasons warrant such a reduction," after

---

[15]    R. Doc. 1141.

[16]    *Id.*

considering the sentencing factors set out in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A)(i).

Under the current policy statement, a district court may reduce the term of imprisonment of an individual after considering the § 3553(a) factors if it finds that "extraordinary and compelling reasons warrant the reduction;" the defendant is not a danger to the community, and the reduction is consistent with the policy statement.  § 1B1.13.

U.S.S.G.  § 1B1.13(b)(6) outlines the criteria for finding an extraordinary and compelling circumstance for an unusually long sentence:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).[17]

If a defendant has demonstrated "extraordinary and compelling reasons," the Court must consider the § 3553(a) factors, and may decline to

---

[17]    The Government argues that U.S.S.G. § 1B1.13(b)(6) exceeds the Commission's authority and creates an impermissible separation of powers problem. R. Doc. 1141, at 3-4.

reduce the defendant's sentence if the factors weigh against granting relief. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (noting that "compassionate release is discretionary, not mandatory, and [can] be refused after weighing the sentencing factors" even when a defendant is eligible). When a defendant fails to demonstrate "extraordinary and compelling reasons," the Court need not consider the § 3553(a) factors. S*ee United States v. Thompson*, 984 F.3d 431, 433 & n.2 (5th Cir. 2021).

## III.  DISCUSSION

Based on the newly presented evidence, the Court finds that Porter has exhausted his administrative remedies.[18]  Porter's new submission shows that he requested compassionate release from the warden at his correctional facility on July 26, 2024, under U.S.S.G. § 1B1.13(b)(6).[19]  The acting warden denied his request on August 8, 2024.[20]  This motion for compassionate release as to this issue is ripe for review, and the Court proceeds to the merits.

In his motion, Porter argues that he is entitled to compassionate release because of "intervening changes in the law" that would result in a different sentence today.  The only provision in the Sentencing Guidelines

---

[18]    R. Doc. 1134-2, at 4.
[19]    R. Doc. 1134-2, at 2.
[20]    R. Doc. 1134-2, at 4.

that explicitly enables the Court to consider nonretroactive changes in the law is U.S.S.G. § 1B1.13(b)(6).  Under that section, Porter must meet three requirements before the Court may consider a change in the law as an extraordinary and compelling reason: (1) he must have received an unusually long sentence, (2) he must have served ten years of that sentence, and (3) there must be a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(6).

Porter does not meet the criteria for "extraordinary and compelling" reasons under the policy statement.  There is no gross disparity between the sentence being served and the sentence likely to be imposed today.  Today, the base offense level for first-degree murder is 43. U.S.S.G.  § 2A1.1. Regardless of criminal history, the sentencing guidelines provide that "life imprisonment is the appropriate sentence if death is not imposed" for first-degree murder.  U.S.S.G. § 2A1.1.  Under U.S.S.G. § 2X2.1, the offense level for aiding and abetting is the same level as that for the underlying offense.

Porter was in jail when Leonard Morgan was murdered.  However, according to testimony at trial, Porter told jailhouse informant Bruce Baker that he "wanted Timmy Carruth to kill Morgan, but that Carruth was taking too long to do it, and therefore, he gave Davis the go ahead to kill Morgan."

*United States v. Davis*, 124 F. App'x 838, 844 (5th Cir. 2005). The jury found this evidence sufficient to convict Porter of aiding and abetting the murder of Leonard Morgan. As the sentence for aiding and abetting is that of the underlying crime, the sentence likely to be imposed today is life imprisonment. This does not differ from Porter's current sentence, so he cannot prove a gross disparity between his current sentence and what would be imposed today. Therefore, he does not meet the criteria for "extraordinary and compelling" reasons that would justify granting compassionate release.

Porter asserts that the Sentencing Guidelines currently provide for a departure from level 43 to level 33 when the offense was not "intentional," as he alleges is true in this case.[21] Here, however, the explicit charging of 18 U.S.C. § 1111 required the jury to find that Porter's co-defendant Johnny Davis "with malice aforethought, did unlawfully kill Leonard Morgan; by shooting him with the firearm willfully, deliberately, maliciously, and with premeditation."[22] This is sufficient to show that the murder was intentional and thus qualifies as a first-degree murder.

---

[21]    R. Doc. 1134-1, at 6.

[22]    R. Doc. 994.

Because Porter's life sentence determines his length of imprisonment, the Court declines to conduct the "extraordinary and compelling" analysis as to his other counts.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this _25th_ day of August, 2025.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE